# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY IRONS, #R51585, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:21-cv-00504-SMY |
| NICHOLAS L. FIERO, REID, NURSE K, C/O CLARY, ECKELBERRY, DEANNA BROOKHART, LORIE CUNNINGHAM, and WEXFORD HEALTH SOURCES, INC., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jeremy Irons, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was involved in a physical altercation with another inmate on May 23, 2019. During the altercation, C/O Fiero grabbed Plaintiff and put him in a chokehold. The other inmate backed off, but Fiero continued to maintain an aggressive and excessive temperament while maintaining the chokehold. Plaintiff was not combative or aggressive, but Fiero continued to choke and manhandle Plaintiff. Fiero pushed

Plaintiff down and pinned his left leg behind him breaking it in two places. Plaintiff yelled out that his leg was broken, but Fiero did not release him Sgt. Reid entered the area and asked Fiero if he was okay and Fiero responded yes. Fiero was holding Plaintiff face down in a chokehold and instructed Reid to spray Plaintiff. Reid then sprayed Plaintiff in the face with mace. Fiero aggressively handcuffed Plaintiff, took him to the shower, and locked him in. When they came to take Plaintiff to segregation, he told them he needed a wheelchair and medical treatment but they refused him a wheelchair.

C/O Clary escorted Plaintiff to the healthcare unit but also refused to provide him a wheelchair. He threatened to drag Plaintiff if he didn't walk on his own. Nurse K washed the mace from Plaintiff's eyes and face and examined his left ankle. Despite the bruising and swelling, she told him it would be okay. Plaintiff was taken to segregation without any treatment for his leg or medication for the pain. He was again forced to walk and was placed in a cell in excruciating pain and the mace spread throughout his entire body.

Nurse Woods examined Plaintiff's leg at his request during the night on May 23, 2019 and placed an order for x-rays. The next day, the x-rays confirmed his ankle was broken in two places. He was taken by ambulance to a hospital. A pressurized boot was placed on his left foot and he was discharged with instructions to follow-up in the Lawrence healthcare unit. Over the next five months, Plaintiff was monitored by an outside orthopedist. The pressurized boot was removed at the end of October 2019.

Due to many grievances Plaintiff filed against Lawrence staff, he has been the victim of harassment and retaliation. Lt. Eckelberry and Sgt. Reid made comments to Plaintiff's mentally ill and unstable cellmate, placing him at risk of being attacked. On one occasion, Lt. Eckelberry forced Plaintiff's cellmate back into the cell when he was agitated and kept them locked in the cell

together after the cellmate stated he was on psychotropic medications and was not responsible for his actions.

The healthcare unit allowed Plaintiff's pain medication to expire and refused to see him despite repeated requests. Fiero opened and read his grievances and legal mail on September 4, 2019.

Wexford Health Sources Inc. has an official policy that authorizes its employees to determine what ailments are urgent or non-urgent. Under this policy, Wexford employees decide which inmate complaints receive immediate treatment and those that are delayed or denied. Under this policy, Nurse K deemed Plaintiff's leg injury non-urgent and sent him away without treatment.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment claim against C/O Fiero and Sgt. Reid for the use of excessive force on Plaintiff on May 23, 2019.
>
> Count 2: Eighth Amendment claim against C/O Fiero, Sgt. Reid, C/O Clary, Nurse K, and Wexford Health Sources, Inc. for deliberate indifference to Plaintiff's serious medical needs related to his injured leg/ankle on May 23, 2019.
>
> Count 3: First Amendment claim against Lt. Eckelberry and Sgt. Reid for encouraging Plaintiff's cellmate to attack him and placing him at risk of injury in retaliation for Plaintiff filing grievances.
>
> Count 4: Eighth Amendment claim against Lt. Eckelberry and Sgt. Reid for encouraging Plaintiff's cellmate to attack him and thereby placing him at risk of injury.
>
> Count 5: First Amendment claim for the denial of medical treatment due to the healthcare unit allowing Plaintiff's pain medication to expire and refusing to see him despite repeated requests in retaliation for Plaintiff filing grievances.
>
> Count 6: Eighth Amendment claim for the denial of medical treatment due to the healthcare unit allowing Plaintiff's pain medication to expire and refusing to see him despite repeated requests.

>    Count 7:   First Amendment claim against C/O Fiero for opening Plaintiff's grievances and legal mail in retaliation for Plaintiff filing grievances.
>
>    Count 8:   First Amendment claim against C/O Fiero for opening Plaintiff's grievances and legal mail.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## **Preliminary Dismissals**

Lorie Cunningham, the healthcare unit administrator, and Warden Brookhart are named as Defendants, but there are no allegations against them in the statement of claim. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, to state a § 1983 claim, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). Absent any allegations describing what each of these individuals did or failed to do in violation of Plaintiff's constitutional rights, the claims against them cannot proceed. To the extent Plaintiff seeks to hold them liable for the actions of subordinates, the doctrine of *respondeat*

*superior* does not apply to actions filed under § 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). For these reasons, Cunningham and Brookhart will be dismissed

## Discussion

### Count 1

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (internal citations and quotation marks omitted). The allegations in the Complaint are sufficient for Plaintiff to proceed on the excessive force claim in Count 1 against C/O Fiero and Sgt. Reid.

### Counts 2 and 6

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* The allegations in the Complaint are sufficient to state a viable deliberate indifference claim in Count 2 against C/O Fiero, Sgt. Reid, C/O Clary, and Nurse K. The claim in Count 6, however, is not associated with any named defendant and will be dismissed.

Additionally, the allegations against Wexford Health Sources Inc. are insufficient to state a claim. Wexford cannot be held liable based on *respondeat superior*; it may only be liable if it had a policy or practice that caused the alleged violation of a constitutional right. *Shields v. Illinois*

*Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). A policy that authorizes employees who are medical providers to determine what ailments are urgent or non-urgent is not unconstitutional. It is Nurse K's actions, not the policy, that are at issue. Therefore, Wexford will be dismissed.

### Counts 3, 5, and 7

Prison officials are prohibited from retaliating against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). "A complaint states a claim for retaliation when it sets forth a chronology of events from which retaliation may plausibly be inferred." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). Here, Plaintiff's allegations are sufficient for him to proceed on the retaliation claim in Count 3 against Lt. Eckelberry and Sgt. Reid and in Count 7 against C/O Fiero. However, the claim in Count 5 is not associated with any named defendant and will be dismissed.

### Count 4

While Plaintiff claims Lt. Eckelberry and Sgt. Reid created a risk of injury to his safety by encouraging his cellmate to attack him, he was not attacked and didn't suffer any injury. Therefore, he fails to state an actionable Eighth Amendment claim. *See Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996) (holding it is the preventable harm itself, rather than the potential for harm, that gives rise to a compensable claim under the Eighth Amendment). Count 4 will therefore be dismissed.

**Count 8**

Plaintiff alleges C/O Fiero opened his mail, including a grievance and legal mail, on one occasion. He does not allege that he suffered any prejudice or that his access to the courts was hindered. *See Guajardo-Palma v. Martinson*, 622 F.3d 801 (7th Cir. 2010) (interception of legal mail is subject to harmless-error analysis). This alleged isolated incident of interference with legal mail, while wrong, does not amount to a constitutional violation. *See Bruscino v. Carlson*, 654 F. Supp. 609, 618 (S.D. Ill. 1987). Count 8 will therefore be dismissed.

**Official capacity claims**

Plaintiff asserts claims against each defendant in his or her individual and official capacities. When a plaintiff seeks monetary damages against a state official, he must bring the suit against them in his or her individual capacity. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). And, because a state official sued in his official capacity is not a "person" within the meaning of section 1983, an official capacity claim against an individual is really a suite for money damages against the State, which is barred by the Eleventh Amendment and the doctrine of sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000). Accordingly, Plaintiff's claims against Defendants in their official capacities are dismissed without prejudice.

**Disposition**

The following claims will proceed: Count 1 against Nicholas L. Fiero and Reid; Count 2 against Nicholas L. Fiero, Reid, C/O Clary, and Nurse K; Count 3 against Eckelberry and Reid; and Count 7 against Nicholas L. Fiero.

The following claims are **DISMISSED without prejudice**: Counts 4, 5, 6, and 8; Count 2

against Wexford Health Sources, Inc.; and the official capacity claims. Additionally, Defendants Lorie Cunningham, Deanna Brookhart, and Wexford Health Sources, Inc. are **DISMISSED without prejudice** and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants.

The Clerk shall prepare for Nicholas L. Fiero, Reid, Nurse K, C/O Clary, and Eckelberry: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C.

§ 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  June 28, 2021**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.